No. 6234.

HENRY W. STRICKLAND VS. JAMES W. TERRY.

Plaintiff sues defendant for an alleged balance due on the purchase by the latter of the interest of the former in their commercial partnership and certain items which plaintiff avers the said partnership owed him prior to the said sale of his interest, and which he says were included in the debts assumed by the defendant. Without clear proof that such a claim by the selling partner was expressly assumed by the purchasing partner, it will be considered included in fixing the purchase price of the interest sold.

APPEAL from the Sixth Judicial District Court, parish of St. Helena. Kemp, J. Julius E. Wilson and James H. Muse, for plaintiff and appellant. J. M. Wright, attorney ad hoc, for defendant and appellee.

HOWELL, J. Plaintiff sues defendant for an alleged balance due on the purchase by the latter of the interest of the former in their commercial partnership and certain items which plaintiff avers the said partnership owed him prior to the sale of his said interest, and which he says were included in the debts assumed by the defendant.

The defense, by an attorney ad hoc, is that the purchase price has been paid; that at the date of said purchase no claim for the other items was made, and that plaintiff can not sue for a specific sum growing out of the partnership transactions until a final settlement of the partnership is made.

Judgment was rendered in favor of the defendant on the demand, dissolving the attachment with two hundred dollars as damages for fee to the attorney ad hoc. The plaintiff appealed, and the attorney ad hoc asks that his fee be increased to three hundred dollars.

The evidence makes out the payment and settlement pleaded by defendant, but does not establish the alleged assumption by defendant of the claim set up by plaintiff for items arising prior to the dissolution of the partnership; without clear proof that such a claim by the selling

partner was expressly assumed by the purchasing partner, it will be considered included in the purchase·price of the interest sold.

We think the pleadings authorized the admission of the evidence objected to by plaintiff. But under the circumstances of this case we think a fee of one hundred dollars is sufficient allowance to the attorney *ad hoc*, which under the law is to be taxed as costs and paid by the plaintiff.

It is therefore ordered that the judgment appealed from be amended by reducing the amount allowed as fee to the attorney *ad hoc* to one hundred dollars, and, as thus amended, it be affirmed; plaintiff to pay costs of the lower court, and defendant and appellee those in this.